# Exhibit A

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
------------------------------------------------------------------------x

SILVER KRIEGER,

       *Plaintiff*,

    *v*.

BROOKLYN INSTITUTE OF ARTS AND SCIENCES,
d/b/a BROOKLYN MUSEUM,

       *Defendant*.

------------------------------------------------------------------------x

**15 CV 6528 (WFK)(PK)**

**FIRST AMENDED COMPLAINT**

Plaintiff Silver Krieger, by her counsel, The Harman Firm, LLP, alleges for her First Amended Complaint against Defendant Brooklyn Institute of Arts and Sciences, d/b/a Brooklyn Museum as follows:

PRELIMINARY STATEMENT

1. In this employment discrimination action, Plaintiff Silver Krieger ("Ms. Krieger" or "Plaintiff") seeks damages and costs from Defendant Brooklyn Institute of Arts and Sciences, d/b/a Brooklyn Museum ("Defendant" or the "Museum") for refusing to engage in an interactive process to find Plaintiff a reasonable accommodation so that she could continue performing her job duties. Defendant's conduct violates the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101–12213, and the New York City Human Rights Law ("NYCHRL"), N.Y.C. Admin. Code §§ 8-101 to 8-131.

JURISDICTION AND VENUE

2. Pursuant to 28 U.S.C. § 1331, jurisdiction over Plaintiff's claims is conferred on this Court as Defendant violated Plaintiff's rights under the ADA.

3. Pursuant to 42 U.S.C. § 1367, this Court has supplemental jurisdiction over Plaintiff's claims brought under the NYCHRL as these claims are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy.

4. Pursuant to 42 U.S.C. § 1391(b), venue is proper in the United States District Court for the Eastern District of New York, as a substantial part of the events giving rise to the claims occurred within this District.

## ADMINISTRATIVE PREREQUISITE

5. All conditions precedent to maintaining this action have been fulfilled. A charge of discrimination was filed with the Equal Employment Opportunity Commission ("EEOC"). The EEOC issued a Right-to-Sue Letter dated November 4, 2015, related to the discriminatory acts described in this First Amended Complaint. This action was properly instituted within ninety (90) days of the issuance of the Right-to-Sue Letter.

## TRIAL BY JURY

6. Plaintiff respectfully requests a trial before a jury.

## PARTIES

7. At all times relevant hereto, Plaintiff Silver Krieger was a resident of Kings County in the State of New York.

8. At all times relevant hereto, Defendant Brooklyn Institute of Arts and Sciences d/b/a Brooklyn Museum was a domestic business corporation organized under the laws of New York with its principal place of business located at 200 Eastern Parkway, Brooklyn, New York 11238-6052.

## STATEMENT OF FACTS

9. In and around January 2005, Ms. Krieger was hired by the Museum as a part-time Sales Assistant to the Group Tour Coordinator, working approximately twenty (20) hours per week.

10. For approximately ten (10) years, Ms. Krieger's responsibilities at the Museum included answering customer inquiries, documenting communications, meeting with group leaders, selling group tours over the phone, and various administrative duties. In addition to those responsibilities, Ms. Krieger expanded sales, created and implemented an audio tour program, and researched and created custom databases to target for outreach for individual exhibitions.

11. For all times relevant hereto, Ms. Krieger suffered from lower back pain from a prior back injury, carpel tunnel syndrome of her wrists and hands, and fibromyalgia, a medical condition characterized by chronic widespread pain and heightened and painful response to pressure. Due to her disabilities, Ms. Krieger suffered from debilitating fatigue, sleep disturbance, and joint stiffness.

12. In addition to causing her serious pain, Ms. Krieger's physical impairments substantially limited her ability to perform a variety of major life activities, including, but not limited to, standing, walking, lifting, bending, and typing.

13. Upon information and belief, in and around October 2012, Clarissa Delap became Defendant's Group Sales Coordinator and directed aspects of Ms. Krieger's job functions. Upon information and belief, the Group Tour Coordinator and the Group Sales Coordinator are the same position.

14. Although Ms. Krieger was Ms. Delap's assistant, she directly reported to Alisa Martin, Defendant's Senior Manager of Brand Management and Visitor Services, until September 2013, when she began reporting to Kevin Wonder, Defendant's Associate Manager of Visitor Services.

15. In and around fall 2013, Ms. Delap began harassing Ms. Krieger by demanding that she complete tasks that Ms. Delap knew Ms. Krieger's disabilities prevented her from completing.

16. For example, Ms. Delap demanded that she use the ticketing and information-based software program, "VISTA," which requires extensive, manual computer use. Such a task is nearly impossible for Ms. Krieger to complete due to her disabilities affecting her wrists and hands.

17. Ms. Krieger had never been asked to use VISTA throughout her employment with the Museum and, in fact, was specifically told that she would not be required to use the program.

18. Ms. Krieger repeatedly told Ms. Delap that the repeated use of the VISTA software would cause Ms. Krieger very painful joint stress.

19. Ms. Delap directed Ms. Krieger to finish tasks even after Ms. Krieger brought to Ms. Delap's attention that she was in pain.

20. Ms. Delap harassed Ms. Krieger to tears, mocking her inability to do what Ms. Delap considered "simple work."

21. Often, Ms. Delap disparagingly used the word "old" in Ms. Krieger's presence, indicating that older people were less capable.

4

22. Ms. Delap withheld work that Ms. Krieger had been doing and was able to do, isolating her from the Museum's clientele.

23. Upon information and belief, Ms. Delap was determined to terminate Ms. Krieger by forcing Ms. Krieger into a work arrangement that she knew Ms. Krieger was unable to perform because of her disabilities.

24. In and around late February or early March 2014, Ms. Krieger complained to Ms. Martin, Ms. Delap's direct supervisor and head of the department, that Ms. Delap was withholding work from her and her duties were shrinking to such an extent that she feared she would be terminated. Ms. Martin only replied that Ms. Krieger's job was still secure.

25. In and around late March or early April 2014, Ms. Krieger delivered to Nancy Ramirez, the Museum's Human Resources Officer, a letter complaining of Ms. Delap's discriminatory conduct and expressed her worry that Ms. Delap's and Defendant's conduct was making it physically impossible for her to perform her work duties.

26. In that letter, Ms. Krieger begged Ms. Ramirez for help resolving those problems; however, Ms. Ramirez only reviewed the letter with Ms. Krieger. She did not address or resolve the concerns raised therein.

27. In and around September 2014, Defendant promoted Ms. Delap to Assistant Manager of Group Sales. As a result, Ms. Krieger was now both Ms. Delap's assistant and reported directly to her.

28. In and around September 2014, Ms. Delap changed Ms. Krieger's hours such that Mr. Krieger could not work without substantial pain. Throughout Ms. Krieger's employment, Ms. Krieger worked four-to-five hour shifts for four or five days a week to accommodate her

5

back, wrist and hand disabilities. Ms. Delap suddenly changed Ms. Krieger's hours to seven-hour shifts for three days a week.

29. When Ms. Krieger reminded Ms. Delap of her work-hour arrangement, telling Ms. Delap that she was incapable of working that many hours in one day due to her disabilities, Ms. Delap responded, "It was a done deal," and that Ms. Martin "signed off on it" meaning that the Museum would not attempt to either reinstate her work schedule or find her another reasonable accommodation so that she could keep her job.

30. As such, Ms. Krieger could not appeal to Alisa Martin, which eliminated any chance Ms. Krieger may have had to receive an accommodation and keep her employment.

31. On or about October 3, 2014, Ms. Krieger was constructively terminated, as her work environment became so intolerable that she could not continue performing her job duties.

32. Ms. Krieger has suffered direct and proximate emotional and financial harm as a result of Defendant's conduct. This harm includes, but is not limited to, mental anguish, emotional distress, and humiliation, and monetary loss including, but not limited to, loss of past and future salary.

## CLAIMS FOR RELIEF

### FIRST CAUSE OF ACTION
### Failure to Engage in an Interactive Process in Violation of the NYCHRL

33. Plaintiff hereby realleges and incorporates each and every allegation contained in paragraphs 1 through 32 with the same force as though separately alleged herein.

34. NYCHRL prohibits employers from failing to engage in an interactive process to find a reasonable accommodation for employees with a known disability.

35. Plaintiff notified her supervisor that her disabilities prevented her from completing a task.

36. After learning of Plaintiff's disabilities Defendant made no effort to accommodate her or determinate whether an accommodation was possible. Instead, Defendant discriminated against Plaintiff.

37. As a direct and proximate consequence of Defendant's illegal practices, Plaintiff has suffered and continues to suffer substantial monetary damages, including, but not limited to loss of income, including past and future salary and non-monetary damages, including, but not limited to, emotional distress and suffering, all in amounts to be determined at trial.

38. Plaintiff is entitled to compensatory damages, punitive damages, costs, attorneys' fees, and any other damages and other compensation that the Court deems appropriate.

## SECOND CAUSE OF ACTION
### Failure to Provide Reasonable Accommodations in Violation of the ADA

39. Plaintiff hereby realleges and incorporates each and every allegation contained in paragraphs 1 through 38 with the same force as though separately alleged herein.

40. The ADA requires employers to provide a reasonable accommodation to qualified individuals with disabilities.

41. Plaintiff was qualified for her position under the ADA, as she had been satisfactorily performing her essential job duties for approximately ten (10) years.

42. Defendant failed to provide an accommodation for Plaintiff's disabilities.

43. As a direct and proximate consequence of Defendant's discrimination, Plaintiff has suffered and continues to suffer, substantial non-monetary damages, including, but not limited to, emotional distress and suffering, all in amounts to be determined at trial.

44. Plaintiff is entitled to compensatory damages, liquidated damages, costs, attorneys' fees, and any other damages and compensation that the Court deems appropriate.

### THIRD CAUSE OF ACTION
### Failure to Provide Reasonable Accomodations in Violation of the NYCHRL

45. Plaintiff hereby realleges and incorporates each and every allegation contained in paragraphs 1 through 44 with the same force as though separately alleged herein.

46. The NYCHRL requires employers to provide a reasonable accommodation to qualified individuals with disabilities.

47. Plaintiff was qualified for her position under the NYCHRL, as she had been satisfactorily performing her essential job duties for approximately ten (10) years.

48. Defendant failed to provide an accommodation for Plaintiff's disabilities.

49. As a direct and proximate consequence of Defendant's discrimination, Plaintiff has suffered and continues to suffer, substantial non-monetary damages, including, but not limited to, emotional distress and suffering, all in amounts to be determined at trial.

50. Plaintiff is entitled to compensatory damages, liquidated damages, costs, attorneys' fees, and any other damages and compensation that the Court deems appropriate.

### FOURTH CAUSE OF ACTION
### Hostile Work Environment in Violation of the NYCHRL

51. Plaintiff hereby realleges and incorporates each and every allegation contained in paragraphs 1 through 50 with the same force as though separately alleged herein.

52. The NYCHRL prohibits discriminatory harassment against an employee for a known disability.

53. Defendant began harassing Plaintiff because of Plaintiff's disabilities, withholding work, and isolating Plaintiff from the Museum's clientele, which created a hostile work environment.

54. As a direct and proximate consequence of Defendant's illegal practices, Plaintiff has suffered and continues to suffer substantial monetary damages, including, but not limited to loss of income, including past and future salary and non-monetary damages, including, but not limited to, emotional distress and suffering, all in amounts to be determined at trial.

55. Plaintiff is entitled to compensatory damages, punitive damages, costs, attorneys' fees, and any other damages and other compensation that the Court deems appropriate.

## FIFTH CAUSE OF ACTION
### Unlawful Termination in Violation of the ADA

56. Plaintiff hereby realleges and incorporates each and every allegation contained in paragraphs 1 through 55 with the same force as though separately alleged herein.

57. The ADA prohibits employers from unlawfully terminating employees based on their disabilities.

58. Defendant constructively discharged Plaintiff by requiring her to complete tasks she was physically incapable of performing and that caused her severe pain due to her disabilities.

59. As a direct and proximate consequence of Defendant's illegal practices, Plaintiff has suffered and continues to suffer substantial monetary damages, including, but not limited to loss of income, including past and future salary and non-monetary damages, including, but not limited to, emotional distress and suffering, all in amounts to be determined at trial.

60. Plaintiff is entitled to compensatory damages, punitive damages, costs, attorneys' fees, and any other damages and other compensation that the Court deems appropriate.

### SIXTH CAUSE OF ACTION
### Unlawful Termination in Violation of the NYCHRL

61. Plaintiff hereby realleges and incorporates each and every allegation contained in paragraphs 1 through 60 with the same force as though separately alleged herein.

62. The NYCHRL prohibits employers from unlawfully terminating employees based on their disabilities.

63. Defendant constructively terminated Plaintiff after requiring her to complete tasks it knew she was incapable of performing and that caused her severe pain due to her disabilities.

64. As a direct and proximate consequence of Defendant's illegal practices, Plaintiff has suffered and continues to suffer substantial monetary damages, including, but not limited to loss of income, including past and future salary and non-monetary damages, including, but not limited to, emotional distress and suffering, all in amounts to be determined at trial.

65. Plaintiff is entitled to compensatory damages, punitive damages, costs, attorneys' fees, and any other damages and other compensation that the Court deems appropriate.

**Request for Relief**

**WHEREFORE**, Plaintiff respectfully requests the following relief:

A. for the first claim, actual damages to be determined at trial, but in no event less than $250,000;

B. for the second claim, actual damages to be determined at trial, but in no event less than $500,000;

C. for the third claim, actual damages to be determined at trial, but in no event less than $500,000;

D. for the fourth claim, actual damages to be determined at trial, but in no event less than $100,000;

E. for the fifth claim, actual damages to be determined at trial, but in no event less than $100,000;

F. for the sixth claim, actual damages to be determined at trial, but in no event less than $100,000;

G. an award of compensatory and punitive damages;

H. pre-judgment and post-judgment interest;

I. attorneys' fees and costs; and

J. such other and further relief as the Court deems just and proper.

Dated: New York, New York  
       February 1, 2016

By:   s/ Walker G. Harman, Jr.  
Walker G. Harman, Jr. [WH-8044]  
Edgar M. Rivera [ER-1378]  
THE HARMAN FIRM, LLP  
*Counsel for Plaintiff*  
220 Fifth Avenue, Suite 900  
New York, New York 10001  
(212) 425-2600  
wharman@theharmanfirm.com  
erivera@theharmanfirm.com